Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

NICHOLAS C. DONDERO,

Plaintiff,

V.

MICHAEL SHERLOCK, in his individual capacity; and AARON D. FORD, Attorney General of the State of Nevada, in his official capacity,

Defendants.

Case No.: 2:26-cv-02160-JAD-BNW

**PLAINTIFF'S CASE CONFERENCE REPORT AND PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, Plaintiff Nicholas C. Dondero, by and through his counsel of record, hereby submits the following Case Conference Report and Proposed Discovery Plan and Scheduling Order. The parties conferred as required by Fed.

R. Civ. P. 26(f) but were unable to reach a stipulation on the contents of a discovery plan. Defendants declined to stipulate to the schedule proposed herein and stated their intention to move for a stay of this case pending resolution of their motions to dismiss. Accordingly, this plan is submitted on behalf of Plaintiff only, and each party's position on the points in dispute is set forth in Paragraph 4 below. The deadlines proposed herein are within those specified in LR 26-1(b).

1. **Meeting.** Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), the mandatory Fed. R. Civ. P. 26(f) conference was held on Wednesday, August 19, 2026, at 3:30 p.m. Pacific Time via Zoom videoconference. Counsel for Plaintiff and counsel for Defendants Aaron D. Ford and Michael Sherlock participated.

2. **Date the First Defendant Answered or Otherwise Appeared.** Defendant Aaron D. Ford first appeared in this action on August 7, 2026, by filing his Motion to Dismiss (ECF No. 7). Defendant Michael Sherlock also appeared on August 7, 2026, by filing his Joinder to the Motion to Dismiss (ECF No. 9) and his Motion to Dismiss (ECF No. 10). This report is submitted within fourteen days after the Fed. R. Civ. P. 26(f) conference as required by LR 26-1(a).

3. **Nature of the Claims and Defenses.** Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Defendant Michael Sherlock in his individual capacity and Defendant Aaron D. Ford, Attorney General of the State of Nevada, in his official capacity. Plaintiff's Complaint (ECF No. 2) was filed on July 16, 2026, and demands a jury trial. Defendants have moved to dismiss the Complaint (ECF Nos. 7, 9, and 10), and Plaintiff's responses to those motions are due August 21, 2026.

4. **Statement of the Parties' Positions on the Points in Dispute.** At the Fed. R. Civ. P. 26(f) conference, Defendants declined to stipulate to a discovery plan and scheduling order and advised that they intend to move for a stay of discovery and of this case pending resolution of their motions to dismiss (ECF Nos. 7, 9, and 10) and that the case conference should be held after a determination on the motion to stay. Plaintiff's position is that no stay has been sought or granted, that the filing of a motion to dismiss does not itself suspend the parties' obligations under Fed. R. Civ. P. 26 or LR 26-1, and that the case should proceed on the schedule proposed herein, which adopts the default deadlines specified in LR 26-1(b) without modification. Plaintiff respectfully requests that the Court enter the schedule proposed herein.

5. **Initial Disclosures.** Plaintiff will serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before Wednesday, September 2, 2026, which is fourteen days after the Fed. R. Civ. P. 26(f) conference. Plaintiff proposes no changes to the form or requirements of initial disclosures under Fed. R. Civ. P. 26(a)(1).

6. **Areas of Discovery.** Plaintiff anticipates that discovery will be needed on the subjects of the allegations in Plaintiff's Complaint and Defendants' defenses thereto, including the facts and circumstances underlying Plaintiff's claims under 42 U.S.C. § 1983, the actions of Defendants and their offices with respect to Plaintiff, and Plaintiff's alleged damages. Plaintiff's position is that discovery need not be conducted in phases or limited to particular issues.

7. **Discovery Cut-Off Date.** Pursuant to LR 26-1(b)(1), Plaintiff proposes a discovery period of 180 days measured from August 7, 2026, the date the first defendant appeared. Discovery would therefore close on Wednesday, February 3, 2027.

8. **Amending the Pleadings and Adding Parties.** Pursuant to LR 26-1(b)(2), Plaintiff proposes the deadline for filing motions to amend the pleadings or to add parties would be 90 days before the close of discovery, which is Thursday, November 5, 2026.

9. **Experts.** Pursuant to LR 26-1(b)(3), Plaintiff proposes that initial expert disclosures must be made 60 days before the discovery cut-off date, which is Monday, December 7, 2026, and rebuttal-expert disclosures must be made 30 days after the initial disclosure of experts, which is Wednesday, January 6, 2027.

10. **Dispositive Motions.** Pursuant to LR 26-1(b)(4), Plaintiff proposes the deadline for filing dispositive motions would be 30 days after the discovery cut-off date, which is Friday, March 5, 2027.

11. **Pretrial Order.** Pursuant to LR 26-1(b)(5), Plaintiff proposes the deadline for filing the joint pretrial order would be 30 days after the dispositive-motion deadline, which is Monday, April 5, 2027. If dispositive motions are filed, Plaintiff proposes the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

12. **Fed. R. Civ. P. 26(a)(3) Disclosures.** Pursuant to LR 26-1(b)(6), Plaintiff proposes the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

13. **Alternative Dispute Resolution.** Pursuant to LR 26-1(b)(7), Plaintiff believes that using alternative dispute-resolution processes including mediation, arbitration, and, if applicable, early neutral evaluation may be fruitful after a ruling on the motions to dismiss. Plaintiff's position is that he is willing to discuss alternative dispute resolution, including a settlement conference before a magistrate judge, at any time.

14. **Alternative Forms of Case Disposition.** Pursuant to LR 26-1(b)(8), Plaintiff considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). Plaintiff has considered both and does not consent.

15. **Electronic Evidence.** Pursuant to LR 26-1(b)(9), because a jury trial has been demanded, Plaintiff does not intend to present evidence in electronic format to jurors for the purposes of jury deliberations.

16. **Extensions or Modifications of the Discovery Plan and Scheduling Order.** Pursuant to LR 26-3, Plaintiff proposes any motion or stipulation to extend a deadline set forth in this discovery plan must be received by the Court no later than 21 days before the expiration of the subject deadline, must be supported by a showing of good cause, and must include a statement specifying the discovery completed, a specific description of the discovery that remains to be completed, the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan, and a proposed schedule for completing all remaining discovery. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

17. **Discovery Disputes.** Pursuant to LR 26-1(c), Plaintiff proposes that before moving for an order relating to discovery, the movant must request a conference with the assigned magistrate judge. Any motion to compel discovery or for a protective order will set forth in full the text of the discovery originally sought and any response to it as required by LR 26-6(b), and all responses to written discovery will comply with LR 26-4.

///

Dated: Aug 19, 2026

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me
*Attorney for the Plaintiff*

**IT IS SO ORDERED:**

DATED: ________________

______________________________
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on Aug 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to the following counsel of record:

Daniel Ross Brady, Esq.
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
drbrady@ag.nv.gov

Jeffrey M. Conner, Esq.
Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
jconner@ag.nv.gov

*Attorneys for Defendant Aaron D. Ford*

Jesselyn DeLuna, Esq.
State of Nevada, Attorney General's Office
555 E. Washington Avenue
Las Vegas, NV 89101
jdeluna@ag.nv.gov

John M. Nolan, Esq.
2750 Peavine Creek Road
Reno, NV 89523
jmnolan@ag.nv.gov

*Attorneys for Defendant Michael Sherlock*

By : /s/ Luke A. Busby, Esq.